UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES E. BERRY                                                                                           PLAINTIFF

V.                                                                     CIVIL ACTION NO. 3:10-CV-44-DPJ-FKB

E-Z TRENCH MANUFACTURING, INC.
AND HOME DEPOT U.S.A., INC.
(STORE 32917 CLINTON, MS)                                                              DEFENDANTS

ORDER

This products-liability action is before the Court on Defendant E-Z Trench Manufacturing, Inc.'s ("E-Z Trench") Motion for Summary Judgment [50]. The Court, having considered the applicable law and all submissions of the parties, finds that E-Z Trench's motion is well taken and should be granted.

I.     FACTS AND PROCEDURAL HISTORY

On May 18, 2008, Plaintiff James E. Berry rented an E-Z Trench groundsaw from Home Depot. The groundsaw weighed 250 pounds and resembled a manual lawnmower, with three wheels on the bottom and a handlebar. Two Home Depot employees rolled the groundsaw out to Berry's pickup truck, loaded the groundsaw into the truck bed, and closed the tailgate. After the Home Depot employees went back inside the store, Berry realized that the groundsaw had not been restrained inside the truck bed. Thinking the groundsaw might roll or even come through the back of the truck during a brake, Berry tried to fasten it in place with a bungee cord. While Berry was fastening, one end of the bungee cord snapped loose and struck him in the eye.

Berry sued Home Depot and E-Z Trench for his injuries. Home Depot was dismissed, leaving Berry's product-liability claims against E-Z Trench for failure to warn and defective design. Specifically, the following claims remain in dispute: (1) whether E-Z Trench failed to

place a warning on the groundsaw advising users of "the inherently dangerous nature of the machine when in transport," and (2) whether the design was defective for lack of locking devices on its wheels.[1] Pl.'s Complaint [1] at ¶ 16; *see also* Def.'s Mot. [50] Ex. C, Pl.'s Resp. to Int. 12.

II. STANDARD OF REVIEW

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The non-moving party must then "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v.*

---

[1] Berry's Complaint also pled a claim that the groundsaw was defective for lack of "securing devices such as belts, straps, chains, rope, or other materials to give the user adequate devices to make the machine safe for travel." Pl.'s Compl. [1] ¶ 16. But Berry never supported this theory with an expert report, and the claim, which otherwise lacks merit, appears to have been abandoned. *Hammond v. Coleman Co., Inc.*, 61 F. Supp. 2d 533, 542 (S.D. Miss. 1999).

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.  ANALYSIS

The Mississippi Products Liability Act ("MPLA") is a statutory roadmap governing "any action for damages caused by a product except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63 (2010); *see also Austin v. Will-Burt Co.*, 361 F.3d 862, 866 (5th Cir. 2004); *Williams v. Bennett*, 921 So. 2d 1269, 1273 (Miss. 2006). The sections and subsections of the MPLA set forth the boundaries of manufacturer liability, and provide in pertinent part:

> (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
> . . . .
>
> > (i)2.  The product was defective because it failed to contain adequate warnings or instructions, or
> >
> > 3.  The product was designed in a defective manner,
>
> . . . .
>
> > (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
> >
> > (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
>
> . . . .

>(e) In any action alleging that a product is defective pursuant to paragraph (a) (i)(2) of this section, the manufacturer or seller shall not be liable if the danger posed by the product is known or is open and obvious to the user or consumer of the product, or should have been known or open and obvious to the user or consumer of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons who ordinarily use or consume the product.
>
>(f) In any action alleging that a product is defective because of its design pursuant to paragraph (a) (i)(3) of this section, the manufacturer or product seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
>. . . .
>
>>(ii) The product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm.  A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.
>
>. . . .
>
>(i) Nothing in this section shall be construed to eliminate any common law defense to an action for damages caused by a product

In the case at hand, EZ-Trench first contends that Berry's claim must fail for lack of proximate causation.  Generally speaking, proximate causation involves cause in fact and legal causation.  *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (Miss. 2007) (citing Dan B. Dobbs, *The Law of Torts* § 180, at 443 (2000)).  An act is the cause in fact of a claimant's damages when the evidence shows that "but for the defendant's negligence, the injury would not have occurred."  *Id.*  After passing this "but-for" test, an act is also the legal cause of damages if the damages are foreseeable; that is, "the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act."  *Id.* (citing Dobbs, *supra*, at 443).  Applied to the facts at hand, neither E-Z

4

Trench's failure to warn nor its alleged design defect proximately caused Berry's injuries because neither act satisfies the "but-for" test.

The depositions of Berry and his expert engineer, Dr. Richard Forbes, create several uncontested facts that are directly relevant to the issue of proximate cause. In particular, Berry testified that (1) he observed Home Depot employees roll the groundsaw to his truck; (2) he wanted to restrain the groundsaw because he thought it would move around during transport and might come through the back of his truck during a brake; (3) the only restraining device he had in his truck was his bungee cord; and (4) he would have tried to fasten the groundsaw even if its wheels had been locked. Dr. Forbes's sworn testimony includes his opinion that it would be good practice for Berry to restrain the groundsaw in the truck even if its wheels had been locked.

First, Berry's undisputed awareness of the allegedly dangerous condition is fatal to the proximate-cause element of his failure-to-warn claim. The facts show that Berry had the knowledge he claims E-Z Trench should have provided, and it actually led him to use the bungee cord. *See Austin*, 361 F.3d at 868–870 (finding proximate cause had not been shown where decedent raised aluminum mast under power lines despite warning labels and safety training advising against doing so) (citing *Wolf v. Stanley Works*, 757 So.2d 316, 323 (Miss. Ct. App. 2000) (proximate cause not shown where "there was no evidence that desired warning would have had any causative impact," citing *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988)); *see also Little*, 37 F.3d at 1076 ("plaintiff must show that adequate warning would have altered conduct").

Second, the testimony of Berry and Dr. Forbes likewise dooms the design-defect claim. Berry testified that he would have attempted to restrain the groundsaw's movement with the

same bungee cord even if the wheels had been locked.  Along the same lines, Dr. Forbes stated that even if the groundsaw had locking devices for its wheels, it would still be good practice restrain the groundsaw during transport.  In light of these admissions, Berry is unable to prove that "but for the defendant's negligence, the injury would not have occurred." *Glover*, 968 So. 2d at 1277; s*ee also Glenn v. Overhead Door Corp.*, 935 So. 2d 1074, 1079 (Miss. Ct. App. 2006) (affirming summary judgment in case where expert affidavit opined that carbon monoxide poisoning would have killed decedent regardless of whether garage door was opened or closed).

Berry's Response [55] to all of this merely offers conclusory arguments and a general observation that causation must be decided by the jury.  But conclusory assertions are of no moment, *TIG Ins. Co.*, 276 F.3d at 759, and questions of fact require record evidence.  *See Double Quick, Inc. v. Lymas*, 50 So. 3d 292, 299 (Miss. 2010) (reversing jury verdict and holding that plaintiff failed, as a matter of law, to create genuine issue of material fact on proximate cause); *Luvene v. Waldrup*, 903 So. 2d 745, 749 (Miss. 2005) (affirming summary judgment and finding, as a matter of law, that plaintiff failed "to present any evidence as to the underlying claim sufficient to create a genuine issue of fact" on causation); *see also Simpson v. Watson*, 14 So. 3d 86, 89 (Miss. Ct. App. 2009) (affirming summary judgment where plaintiff "put on no proof to show a causal connection between her current medical condition and the incident").  Berry failed to direct the Court to any record evidence creating a material question of

fact on the essential causation element.[2] E-Z Trench's motion for summary judgment should therefore be granted.[3]

III. CONCLUSION

Based on the foregoing, the Court finds that Defendant E-Z Trench's Motion for Summary Judgment is well-taken and should be granted. A separate judgement will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]Although Berry cited no record evidence in his response, he did attach the entire transcript of his expert's deposition. That testimony fails to overcome Berry's admissions and the undisputed facts they produce. Having said that, it must be noted that although the Court endeavored to consider the entire record, to the extent something was overlooked, the Court was "under no duty 'to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record").

[3]The failure to create a question of fact as to "but-for" causation is alone sufficient to grant Defendant's motion. But the Court further notes that the referenced testimony of Berry and Dr. Forbes, viewed in the absence of any opposing record evidence, would support summary judgment for the following additional reasons: (1) Berry failed to create a jury question as to whether the injury was foreseeable; (2) by his own admission, the alleged danger with the groundsaw was open and obvious, Miss. Code Ann. § 11-1-63(e); and (3) the product performed as expected, and in light of the undisputed facts, the feasible design alternative offered by Berry for the groundsaw would not have prevented the accident. Miss. Code Ann. § 11-1-63(f).